# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

| | | |
|---|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| | ) | **CIVIL ACTION NO. 1:20-cv-11344** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **TEGRA MEDICAL, LLC,** | ) ) | |
| **Defendant.** | ) ) | |

## CONSENT DECREE

This action was filed on July 16, 2020 by Plaintiff United States Equal Employment Opportunity Commission (the "EEOC" or "Commission"), an agency of the United States Government, to correct employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and to provide appropriate relief to individuals harmed by such practices.  Specifically, the EEOC alleged that Defendant Tegra Medical, LLC subjected Zahira Custodio Othman ("Custodio") and Tania Vargas ("Vargas") to sex discrimination by creating, maintaining, and failing to remedy a hostile work environment based on sex, created by a manager at Tegra, Ivan Pacheco.  In addition, the EEOC alleged that Tegra retaliated against Custodio by denying her Family and Medical Leave Act leave to which she was entitled because of her complaints of unlawful sex discrimination, resulting in her constructive discharge.  The EEOC also alleged that other female employees had complained about Pacheco's sex-based comments and conduct, but that Tegra had failed to take appropriate remedial action to end the harassment.

1

The EEOC and Tegra (collectively, the "Parties") desire to resolve this matter without the expense, delay and burden of further litigation. The Parties therefore do hereby stipulate and consent to the entry of this Consent Decree ("Decree") between the EEOC and Tegra, as well as Tegra's parent organizations, officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit or entity with which Tegra may merge or consolidate.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## A.   GENERAL PROVISIONS

1.      This Decree is final and binding between the Parties and resolves the claims alleged in the EEOC's Amended Complaint in this case which arose from EEOC Charge No. 523-2019-00539. This Decree does not resolve any charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future, other than the charge listed above. The EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2.      The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met.

3.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII. The Parties agree that the terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party, Claimants and the public interest are adequately protected by this Decree.

4.      The Court will retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree.

5.      No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any term of this Decree in any federal court with jurisdiction.  Breach of any term of this Decree shall be deemed to be a material, substantive breach of this Decree.  The Court will retain jurisdiction over any such enforcement proceedings during the duration of the Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein.  This Decree will be construed by this Court under applicable federal law.

6.      By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  Except as provided in paragraphs 36 and 47, no waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved in writing by all Parties to this Decree, and approved or ordered by the Court.

7.      If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties. The provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not

been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

8.      The terms of this Decree represent the full and complete agreement of the Parties. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**B.   DEFINITIONS**

9.      "Defendant" or "Tegra" mean Defendant Tegra Medical, LLC, its officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which Tegra may merge, or consolidate or otherwise become affiliated with, and any entities in active concert with it.

10.     "The Commission" or the "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with the administration, interpretation, and enforcement of Title VII.

11.     "Day" or "days" means calendar days and includes weekends and holidays.

12.     "Effective Date" means the date this Decree is entered by the Court.

**C.   INJUNCTION**

13.     Tegra is enjoined from creating or maintaining a hostile work environment on the basis of sex.

14.     Tegra is enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII. Tegra shall not retaliate against a person because such person brings an internal complaint of discrimination with Tegra; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with investigating employment

discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.  Tegra shall not retaliate in any manner against any individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.  Nor shall Tegra retaliate against any such persons identified as a witness or possible witness of discrimination in future investigations or proceedings.

**D.  NOTICES AND POSTINGS**

15.  Within seven (7) days after the Effective Date of this Decree, Tegra shall post in each of its facilities, in a conspicuous place frequented by employees, eleven (11) inches by fourteen (14) inches laminated copies of the EEOC's "Equal Employment Opportunity is the Law" poster in English and Spanish.  If either of the posters become defaced or illegible, Tegra will replace it with a clean copy.

16.  Within forty (40) days after the Effective Date of this Decree, Tegra shall post within each of its facilities, on all employee bulletin boards, in all employee break rooms, and near employee lockers, eleven (11) inches by fourteen (14) inches laminated copies of the Notice of Lawsuit and Settlement ("Notice") attached as Attachment A to this Decree, after adding the number of the Hotline where indicated.  The Notice shall be posted in both English and Spanish, side by side.  The Notices shall remain posted for the duration of this Decree.  If a Notice become defaced or illegible, Tegra will replace it with a clean copy.  Tegra shall certify to the Commission, in writing, within ten (10) days of posting the Notices that the Notices have been properly posted, including identifying the locations where the Notices have been posted.

E.     **INDEPENDENT EEO COMPLAINT HOTLINE**

17.     Within thirty (30) days of the Effective Date, Defendant shall retain the services of an independent third-party business entity to provide and operate a dedicated EEO telephone "hotline" for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment, discrimination or retaliation (the "Hotline").  The entity providing the Hotline shall have as its primary business the provision of such services and have no previous financial relationship with Defendant, its owner, or any of its attorneys, employees, or agents. Each proposed Hotline operator must submit a statement of independence, under oath, confirming that he or she has no prior financial relationship with Defendant, its owner or any of its attorneys, employees, or agents.  Within fourteen (14) days of the Effective Date, Defendant will provide the EEOC with the name and business contact information of the proposed Hotline operator, and the statement of independence provided by each operator.

18.     The Hotline operator shall have the authority and obligation to:

a.   Provide a dedicated, toll-free EEO telephone "hotline" for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment, discrimination, or retaliation;

b.   Accept complaints in both English and Spanish;

c.   Allow complainants to identify themselves, or to submit complaints anonymously;

d.   Be available to accept complaints 24 hours per day, 7 days a week, 365 days per year;

e.   Maintain detailed written records of all reports and complaints; and

f.   Forward to Defendant copies of the written records of all reports and complaints within 24 hours of receipt of the complaint or report, for review and action by Defendant.

19.     Should the Defendant learn that the Hotline operator has breached any of the aforementioned obligations, within five days of learning of such a breach, Defendant will submit

to the EEOC a report identifying a) the nature of the breach, including the date on which it occurred and why it occurred, and b) the actions Defendant has taken or is taking to remedy the breach and ensure another breach does not occur.  Should a second breach of the aforementioned obligations occur, such breach will constitute a breach by Defendant of the terms of this Decree.

20.     All costs incurred for the Hotline operator's services will be paid by Defendant.

21.     Within forty (40) days of the Effective Date, Tegra will post notices in its facilities in both Spanish and English advertising the Hotline, including the Hotline phone number, a statement that complaints can be made anonymously, that the Hotline is toll-free, operated by an independent third party, and available 24 hours a day, and that complaints can be made in English or Spanish.

**F.     POLICIES AND PROCEDURES**

22.     Within thirty (30) days of the Effective Date, Tegra shall issue a revised policy applicable to all Tegra facilities in the United States that explains, defines, and prohibits: (a) discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees; (b) harassment on the basis of sex or any other protected status; and (c) retaliation (the "Anti-Discrimination Policy").  This policy shall be drafted in plain and simple language in English and in Spanish.  The Anti-Discrimination Policy must include the following minimum criteria:

     a.  State that Tegra prohibits discrimination against employees on the basis of sex;

     b.  Prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees based on sex through acts such as, but not limited to, physical or verbal abuse or derogatory comments;

     c.  Provides a definition of sexual harassment, with examples;

     d.  Provides a definition of retaliation, with examples;

7

e.  Prohibits retaliation against employees for opposing employment practices they believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination, including sexual harassment;

f.  Includes a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment, and retaliation, which shall meet the following minimum criteria:

  i.  Provides multiple effective mechanisms for reporting incidents of discrimination, harassment, and retaliation;

  ii.  Encourages prompt reporting;

  iii.  Provides that the complaints of discrimination, harassment, or retaliation can be made either in writing or orally;

  iv.  Includes a complaint form which an employee may, but is not required to use;

  v.  Identifies, by name, employees to whom a complaint can be made, at least one of whom must be fluent in Spanish, and provides their contact information;

  vi.  Provides information regarding the Hotline established pursuant to Section E of this Decree, including the Hotline phone number, a statement that complaints can be made anonymously, that the Hotline is toll-free, operated by a third party, and available 24 hours a day, and that complaints can be made in English or Spanish;

  vii.  Provides that making complaints to the person who is allegedly perpetrating the discrimination, harassment or retaliation is not required under any circumstances; and

  viii.  Provides assurance that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

g.  Provides for prompt investigation of complaints of harassment and retaliation;

h.  Provides for prompt communication to the complaining party of the results of the investigation and any remedial actions taken;

i.  Provides for discipline up to and including immediate discharge of anyone who violates the company's policy against discrimination, harassment, and retaliation; and

j.   Provides that all supervisors and managers, of whatever rank, have a duty to document and to report any and all observations or complaints of potential or alleged discrimination, harassment, or retaliation directly to designated human resources personnel, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.

23.   Within thirty (30) days of the Effective Date, Tegra shall distribute a hard copy of the Anti-Discrimination Policy to all employees in Tegra's facilities by either (a) direct distribution by hand; (b) employee mailbox at the workplace; or (c) mail, to the employee's address of record.  Employees will be advised that they are permitted to keep this policy and take it home with them.  Tegra shall distribute a copy of this policy to each subsequently hired temporary or permanent employee in the United States at the time of hire and shall advise each such recipient that they are permitted to keep and take home with them the distributed copy.

24.   Within seven (7) days of issuing the Anti-Discrimination Policy, Tegra shall provide a copy of that policy to all third parties providing labor referrals and/or temporary workers to Tegra.  The policy shall be accompanied by a letter confirming Tegra's commitment to a workplace free from sex discrimination and affirmatively stating Tegra's promise to cooperate fully with the recipient in the event it receives any complaints of alleged or possible sex discrimination or retaliation relating to Tegra's workplace.  For the duration of this Decree, Tegra shall provide its Anti-Discrimination Policy, along with this letter, to any third party providing labor referrals and/or temporary workers within seven (7) days of accepting workers from that third party.

25.   Within fourteen (14) days of the Effective Date, Defendant shall revise its "Perfect Attendance Award" program to provide that individuals remain eligible for the Perfect Attendance Award where: (a) the employee has taken leave or time off with advance notice to Tegra: i) pursuant to the Family and Medical Leave Act ("FMLA"); ii) due to the employee's need to care for a dependent child or individual with a disability; or iii) due to the employee's

9

own disability; or (b) the employee has taken leave or time off without advance notice to Tegra

due to: i) an unforeseeable need to take FMLA leave or the Massachusetts state law equivalent;

ii) an unforeseeable need to care for a dependent child or an individual with a disability so long

as the time off (A) falls within either the statutory sick time allowance (1 hour per every 30 hours

worked, up to 40 hours per year) or the Small Necessities Leave Act allowance, or (B) is

otherwise an ADA-protected leave supported by proper documentation; or iii) an unforeseeable

need for leave in connection with the employee's own disability so long as the time off (A) falls

within either the statutory sick time allowance (1 hour per every 30 hours worked, up to 40 hours

per year) or the Small Necessities Leave Act allowance, or (B) is an ADA-protected leave

supported by proper documentation.

26.     Within fourteen (14) days of the Effective Date, Defendant shall institute a policy

regarding the documentation of complaints of sex harassment and retaliation, and investigation

of the same.  Pursuant to this policy, regarding each charge, complaint, or report (whether

considered formal or informal, oral or written) and each investigation of potential or alleged sex

discrimination or retaliation made, Defendant shall compile an investigative file which shall

contain the following:

a.  With the exception of complaints submitted anonymously, the name, home address, home telephone number and cell phone number (as applicable), job title, and employee number for each complainant or potentially aggrieved individual;

b.  The date of the charge, complaint, or report;

c.  The date(s) on which the incident(s) allegedly occurred;

d.  The location(s) where the incident(s) allegedly took place;

e.  The specific allegations that were made;

f.  The name, home address, home telephone number and cell phone number (as applicable), job title, and employee number of each person allegedly involved in the sex discrimination or retaliation and of each potential witness;

10

g. The complete substance of any statements made by each complainant, potential aggrieved individual, person allegedly involved in the discrimination or retaliation, and each witness;

h. A detailed description of Defendant's conclusions regarding the charge, complaint, or report, and any corrective action taken in response to the charge, complaint, report, or investigation; and

i. A description of any prior allegations of discrimination, harassment or retaliation against the individual then alleged to have engaged in discrimination, harassment or retaliation, including i) the name of any individual who previously made a complaint against this person; ii) the date any such prior complaint was made, and iii) the specific allegations that were made.

Defendant shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications.  Defendant shall retain all of the aforementioned records for a period of ten (10) years following the submission of the charge, complaint or report.

27. For the duration of this Decree, Defendant shall retain all personnel, payroll, and other documents of any character related to a) any person complaining of or otherwise reporting sex discrimination or retaliation, and b) any person who is involved (including but not limited to witnesses and those identified as potential perpetrators) in any charge, complaint, or report of sex discrimination or retaliation.

## G.   HUMAN RESOURCES PERSONNEL

28. For the period of time starting one hundred twenty (120) days from the Effective Date, through the duration of this Decree, Tegra shall employ no less than one individual in its Human Resources group at Tegra's Franklin, Massachusetts facility who is fluent in English and Spanish, and has either a) no less than four years' experience in human resources or employee relations; or b) completed the following courses with the Society for Human Resource Management: i) "Navigating HR Compliance Through the Employee Lifecycle" live online

11

program; ii) "Leading Workplace Investigations" live online program; iii) "Workplace

Harassment – Manager Complete" eLearning; iv) "Discrimination-Free Workplace Advanced"

eLearning;  v) "Whistleblowing, Reporting & Retaliation (Standard)" eLearning; and vi)

"Disability Discrimination And Accommodation Advanced" eLearning, at least one of which

must be completed within thirty (30) days of the Effective Date.  In the event Defendant elects to

have a current employee complete these courses, Defendant will pay all fees and costs related to

the courses.  One hundred twenty (120) days after the Effective Date, Defendant will provide the

EEOC with documentation establishing compliance with the requirements of this paragraph.

**H.    REFERENCE LETTERS**

29.    Defendant shall provide Zahira Custodio Othman with a positive letter of

reference using the form attached hereto as Attachment B.  Defendant acknowledges and agrees

that Attachment B represents an accurate assessment of Custodio's work performance.  Within

ten (10) days of the Effective Date, the original, signed letter of reference shall be mailed to

Custodio at an address provided by the Commission, with a copy to the EEOC via email.

Custodio shall be free to disseminate the letter to potential employers.  Defendant agrees that if it

receives any inquiry about Custodio from a potential employer, it will provide only the

information set forth in the letter of reference in response.

30.    Defendant shall provide Tania Vargas with a positive letter of reference using the

form attached hereto as Attachment C.  Defendant acknowledges and agrees that Attachment C

represents an accurate assessment of Vargas's work performance.  Within ten (10) days of the

Effective Date, the original, signed letter of reference shall be mailed to Vargas at an address

provided by the Commission, with a copy to the EEOC via email.  Vargas shall be free to

disseminate the letter to potential employers.  Defendant agrees that if it receives any inquiry

about Vargas from a potential employer, it will provide only the information set forth in the letter of reference in response.

## I.    TRAINING

31.    Within sixty (60) days of the Effective Date, Tegra shall provide an interactive training session for all employees addressing sexual harassment and retaliation as set forth below.  All employees must complete this training within sixty (60) days of the Effective Date. Such training shall be no less than one (1) hour in duration and be provided by a third-party training vendor who covers equal employment opportunity law, the identity of which is agreed to by the EEOC.  Employees will be able to access this training on computer equipment provided by Tegra, and complete this training during paid working hours.  Workers shall be given the option of taking the training in English or in Spanish.  This training will be conducted on an annual basis for the duration of this Decree.  The training will include the following:

   a.  A definition of sexual harassment and statement that it is against the law;

   b.  The types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful sex harassment (including realistic hypotheticals based on Tegra's workplace and/or industry);

   c.  The consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be a consequence of such conduct;

   d.  The workers' rights and responsibilities if they experience or witness unacceptable conduct at work, including the ways in which they can report harassment;

   e.  Encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so;

   f.  A definition of retaliation and statement that it is against the law;

   g.  The types of conduct that may constitute retaliation;

    h.   The consequences for engaging in retaliatory conduct;

    i.   The workers' right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation; and

    j.   Identification of federal, state or local agencies responsible for enforcing anti-discrimination laws, a statement that employees can also make complaints to these agencies, and contact information for each agency.

Within sixty (60) days of the Effective Date, all Tegra employees will separately view either a live or pre-recorded video explanation in both English and Spanish of Tegra's Anti-Discrimination Policy and complaint processes, including how an investigation will take place and an assurance that persons who report sex harassment or provide information as part of any investigation will not be subject to retaliation.

    32.    Tegra will require all new workers within fourteen (14) days of their hire to complete the aforementioned training.  In the case of temporary workers, the training shall be provided within fourteen (14) days of the individual's completion of five (5) work days in a single week.

    33.    Within thirty (30) days of the Effective Date, Tegra shall provide no less than two (2) hours of live, interactive training either in-person or on video conference for all supervisors and managers, in addition to the training described in Paragraph 31.  All Tegra supervisors and managers must attend this training within thirty (30) days of the Effective Date.  The training will be provided by a subject matter expert in equal employment opportunity, the identity of which is agreed to by the EEOC.  Supervisors and managers will have the option of attending a training session provided in English or in Spanish.  This training will be conducted on an annual basis for the duration of this Decree.  This training will address:

    a.   The effect of sex harassment on women, including the proportion of women who have experienced sexual harassment in the workplace, and the ways in which it affects performance and mental health;

    b.   Applicable statutes prohibiting discrimination, retaliation and harassment, including Title VII;

    c.   Tegra's policy prohibiting romantic or sexual relationships between supervisors and other employees;

    d.   Management's role in preventing sex harassment and stopping it if it occurs, including engaging in bystander intervention;

    e.   Hypotheticals where managers are required to intervene when they witness sex harassment, using realistic hypotheticals based on Tegra's workplace;

    f.   Recognizing complaints of sex harassment, using realistic hypotheticals based on Tegra's workplace and/or industry;

    g.   How to receive complaints of sex harassment, discrimination and retaliation;

    h.   The obligation of all managers to relay any complaints of sex harassment, discrimination or retaliation to Human Resources (including so-called "informal" complaints), and the penalties for failing to do so;

    i.   Recognizing retaliation, using realistic hypotheticals based on Tegra's workplace and/or industry; and

    j.   Management's role in preventing retaliation and stopping it if it occurs.

34.    Tegra will provide a recorded version of this training to all new managers and supervisors within fourteen (14) days of their hire.

35.    Within thirty (30) days of the Effective Date, Tegra shall provide three (3) hours of live, in-person, interactive training for all Human Resources personnel, and any personnel whose duties involve conducting harassment, discrimination or retaliation investigations, or making decisions regarding preventative and corrective actions in connection with such investigations. Such training is in addition to the training described in paragraphs 31 and 33, and will be provided by a subject matter expert in equal employment opportunity, the identity of which is agreed to by the EEOC. Attendees will have the option of attending the training in English or in Spanish. This training will be conducted on an annual basis for the duration of this Decree. This training will address:

a.   Legal obligations concerning harassment and discrimination investigations;

b.   Investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques, and other sources of evidence in harassment and discrimination investigations;

c.   Types of preventative and corrective actions and applicable legal obligations;

d.   That information regarding past complaints, allegations, or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination must be considered highly relevant evidence in the pending inquiry;

e.   That Defendant's personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records regarding the existence and details of any relevant prior complaints or investigations;

f.   That former employees may be sources of highly relevant evidence and should be contacted when appropriate;

g.   The significance of corroborative testimonial evidence in a harassment investigation, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

h.   Techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and the absence of corroboration;

i.   The need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted, fully documenting questions and answers, and complying with the provisions of paragraph 26 of this Decree;

j.   Investigative confidentiality;

k.   Post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

l.   Procedures for monitoring and auditing and post-complaint or investigation personnel actions regarding complainants and witnesses to ensure no retaliation occurs.

36.   Notwithstanding the contents of paragraph 35, the training described in such

paragraph may be conducted via video conference in 2020 only, due to risks presented by

COVID-19.  In the event such training is conducted by video conference, it must be conducted by an individual presenting solely to the individuals described in paragraph 35, and not to a broader audience, and must permit attendees to ask questions and interact with the instructor. Should Defendant seek a similar exemption due to COVID-19 in any later year, Defendant may submit a request for such an exemption to the EEOC, which will assess Defendant's request based on the then-present circumstances.

37.     In the event Defendant elects to retain Marie Monaghan, née Driscoll ("Monaghan") in any role the duties of which involve a) conducting harassment, discrimination or retaliation investigations, b) making decisions regarding preventative and corrective actions in connection with such investigations, or c) any other Human Resource functions, within one hundred twenty (120) days of the Effective Date, Monaghan must take an instructor-led "SHRM-CP and SHRM-SCP Certification Preparation" course with the Society for Human Resource Management ("SHRM"), and must take and pass the SHRM Senior Certified Professional exam. Defendant will pay all fees and costs related to the course and exam.  If Monaghan does not pass the exam within one hundred twenty (120) days after the Effective Date, Defendant may no longer employ Monaghan in any of the aforementioned roles.  One hundred twenty (120) days after the Effective Date, Defendant will provide the EEOC with either documentation establishing that Monaghan has satisfied the requirements of this paragraph, or a certification by a Tegra corporate officer under penalties of perjury as set forth in 28 U.S.C. § 1746 that Monaghan no longer holds one of the aforementioned roles with Defendant.

**J.     MONETARY RELIEF**

38.     Within fourteen (14) days after the Effective Date, Tegra shall pay relief to Zahira Custodio Othman in the amount of fifty thousand dollars ($50,000.00) representing backpay and lost benefits, subject to ordinary withholding.  Tegra will issue to Custodio an IRS Form W-2 for the 2020 tax year relating to this payment.

39.     Within fourteen (14) days after the Effective Date, Tegra shall pay relief to Zahira Custodio Othman in the amount of one-hundred thousand dollars ($100,000.00) representing non-pecuniary compensatory damages, from which no taxes will be withheld.  Tegra will issue to Custodio an IRS Form 1099 for the 2020 tax year related to this payment.

40.     Within fourteen (14) days after the Effective Date, Tegra shall pay relief to Tania Vargas in the amount of ninety thousand dollars ($90,000.00) representing non-pecuniary compensatory damages, from which no taxes will be withheld.  Tegra will issue to Vargas an IRS Form 1099 for the 2020 tax year related to this payment.

41.     Each of the payments referenced in paragraphs 38-40 above will be made by check, sent to Custodio or Vargas via hand-delivery or certified mail (receipt requested).  The EEOC will provide Tegra with the addresses to which the payments to Custodio and Vargas should be directed no later than three (3) days after the Effective Date.  A photocopy of each check referenced in paragraphs 38-40, a photocopy of related tax documents referenced in paragraphs 38-40 and any related correspondence shall be sent to the EEOC via email and mail at the same time the documents are sent to Custodio and Vargas.

K.     **MONITORING AND REPORTING**

42.     The EEOC may review compliance with the provisions of this Decree.

43.     As part of such review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents.  Defendant will make all employees available to

the EEOC, and shall permit employees to speak confidentially with the EEOC for the purposes of verifying compliance with this Decree.

44.     For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate their compliance with this Decree and with 29 C.F.R. § 1602 *et seq.*

45.     At the conclusion of each six-month period for the duration of this Decree, (the first occurring six months following the Effective Date), Tegra shall submit to the EEOC a Bi-Annual Report signed by a Tegra corporate officer under the penalties of perjury as set forth in 28 U.S.C. § 1746.  However, the final Bi-Annual Report, which would otherwise be due on the two-year anniversary of the Effective Date, will be due 120 days prior to the second anniversary of the Effective Date.  The Bi-Annual Report shall certify compliance with this Decree, and shall contain:

   a. A certification of compliance with the Notice and Posting requirements described in paragraphs 15, 16, and 21, with a photograph of the posted materials in Tegra's facilities;

   b. A current copy of Tegra's Anti-Discrimination Policy as described in paragraph 22, and policy regarding the documentation of complaints and investigations described in paragraph 26;

   c. A list of all management or supervisory personnel with responsibility for enforcing Tegra's Anti-Discrimination Policy, including name, title, department and date of hire;

   d. The name and resume of the Human Resources employee employed by Tegra pursuant to paragraph 28;

   e. Where conducted in the prior six months, a summary of all trainings provided pursuant to paragraphs 31, 33, and 35, including a certification that such trainings were provided, the date and location of each training, a statement indicating the manner of training, the length of the training, the name and contact information of the individual(s) providing the training, and the names and positions of all attendees, and copies of all handouts, Powerpoint or similar presentations, and any outlines utilized by presenters during the trainings;

f.  A list of all entities providing labor referrals and/or temporary workers, including the name of the entity, name of its principal(s), address, and website and a certification that Tegra has provided that entity with its Anti-Discrimination Policy and the letter described in paragraph 24; and

g.  A summary of all charges, complaints or reports of sex discrimination and/or retaliation received by Tegra in the prior six months, containing:

    i.  With the exception of complaints submitted anonymously, the name, home and/or cell phone number (as applicable), job title, date of hire, and if applicable, date of termination, for each complainant;

    ii.  The date of the charge, complaint, or report;

    iii.  The date(s) on which the incident(s) allegedly occurred;

    iv.  The location(s) where the incident(s) allegedly took place;

    v.  The specific allegations that were made;

    vi.  A copy of the actual complaint form, email, transcription of Hotline call, or notes of interview through which the charge, complaint or report was initially made;

    vii.  The name, job title, date of hire and if applicable, date of termination of the person who allegedly engaged in sex discrimination or retaliation;

    viii.  A detailed description of any corrective action taken in response to the charge, complaint, report, or investigation; and

    ix.  Indication as to whether there had been any prior allegations of sex discrimination or retaliation against the accused.  In the event such prior allegations exist, provide the information listed in i-viii above for each such allegation.

h.  The name, address, email address, telephone/cell phone number, and Social Security number of each person making a complaint of sex discrimination or retaliation against Tegra to any federal, state, or local government agency.

46.  For the duration of the Decree, Defendant shall produce to the EEOC copies of all documents in any investigative file described in paragraph 26 within ten (10) business days of receiving a request from the EEOC for such documents.

## L.  NOTICE

47.  Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

For EEOC:          Consent Decree Monitor
EEOC Legal Unit
33 Whitehall Street, 5th Floor
New York, NY 10004
Decreemonitor.nydo@eeoc.gov

and

Caitlin D. Brown
Trial Attorney
U.S. EEOC
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
caitlin.brown@eeoc.gov

For Tegra:        Christina Burri
Head of Tax, Legal & Compliance, SFS
SFS Services AG
Rosenbergsaustrasse 8
CH-9435 Heerbrugg
Switzerland

and

Lyndsey Kruzer, Esq.
Choate, Hall & Stewart LLP
2 International Place
Boston, MA 02110
lkruzer@choate.com

Notwithstanding this paragraph 47, either Party may change such addresses or identify a different designee by written notice to the other Party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other Party.

## M.   DISPUTE RESOLUTION

48.    In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC will notify Defendant and it must make a good faith attempt to cure any breach of the Decree within fifteen (15) days of notification.

21

49.     Following the fifteen (15) days to cure period, if the EEOC still believes that Defendant has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

50.     Upon motion of the EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.

**N.     COSTS**

51.     Each Party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

**O.     NOTIFICATION OF SUCCESSORS**

52.     Tegra shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Tegra's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Amended Complaint, and the existence and contents of this Decree.  Defendant will provide written notice to the EEOC twenty-one (21) days before any transfer of its business.

**P.     EXECUTION**

53.     Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the parties on whose behalf he or she signs.  By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree, and agrees to be bound by the terms of this Decree.

**Q.     DURATION OF DECREE**

54.     The duration of the Decree shall be in effect for a period of twenty-four (24) months immediately following the Court's execution of this Decree.

55.     If the EEOC has notified Defendant in writing not less than thirty (30) days before the expiration of this Decree that Defendant is not in compliance with any of the terms of this Decree, Defendant's obligations under this Decree will not expire while any enforcement action concerning this Decree is pending.

56.     The Court retains jurisdiction over this action during the duration of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.  The matter may be administratively closed but will not be dismissed during the duration of this Decree.

57.     Defendant will not attempt to condition the receipt of individual relief upon an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency.

**SO ORDERED, ADJUDGED, AND DECREED**

Dated: _____        Hon. _____

U.S. District Court Judge

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

_____
JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

CAITLIN D. BROWN
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5277
caitlin.brown@eeoc.gov

**FOR DEFENDANT TEGRA MEDICAL, LLC**

Michael Kobler
Chief Financial Office
Tegra Medical, LLC
9 Forge Park
Franklin, MA 02038
mkobler@tegramedical.com

**COUNSEL FOR DEFENDANT TEGRA MEDICAL, LLC (as to form only)**

Lyndsey M. Kruzer
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
lkruzer@choate.com
(617) 248-4790

24

# ATTACHMENT A



**U.S . EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
District Office: (212) 336-3620

# <u>NOTICE OF LAWSUIT AND SETTLEMENT</u>

The U.S. Equal Employment Opportunity Commission (also called the EEOC), is an agency of the Executive Branch of the U.S. government that enforces laws against discrimination in the workplace.  The EEOC sued Tegra Medical, claiming that Tegra had violated federal law by allowing a manager to sexually harass female employees (D. Mass. Civil Action No. 1:20-cv-11344).  Tegra entered into a settlement, which requires it to post this notice and make certain other changes.

Under federal law, your employer cannot discriminate against you because of your:

- Race
- Color
- Religion
- Sex (including pregnancy, gender identity, sexual orientation, and sexual harassment)

- National Origin
- Age (40 and over)
- Disability
- Genetic Information

This includes treating you differently in hiring, promotion, pay, firing, required accommodations or other conditions or privileges of your employment.  Federal law specifically prohibits sexual harassment by co-workers, supervisors, management, or any employer official.

You employer also cannot retaliate against you because you complained of discrimination, opposed discrimination, filed a charge of discrimination, testified for or helped with an investigation or lawsuit regarding discrimination, including sexual harassment.  This means that your employer cannot take harmful action against you because you have done any of these things.

Tegra Medical has an Equal Employment Opportunity Policy against discrimination, harassment, and retaliation, and requires that <u>all</u> employees follow this policy—including managers.  Tegra will not tolerate any form of illegal discrimination in the workplace, **including sexual harassment**.  Tegra will not take action against an employee because they complain about discrimination or harassment—Employees who make these complaints are **<u>protected by law</u>**.  Tegra will promptly investigate all complaints of discrimination, harassment, or retaliation.  Tegra has created an **<u>anonymous hotline</u>** for reporting discrimination in the workplace—you can make a report in either English or Spanish, 24 hours a day.  If you see or experience discrimination, harassment, or retaliation, call:

<p style="text-align:center; color:red;">[INSERT HOTLINE NUMBER]</p>

If you have any questions or need to make a complaint of discrimination, harassment or retaliation, you can also contact the EEOC.  Contacting the EEOC is free—there are no fees.  Call the Boston Office of the EEOC at:

<p style="text-align:center;">1-800-669-4000<br>(Hearing impaired: TTY: 1-800-669-6820, ASL Video Phone: 844-234-5122)</p>

Or, make a complaint with the EEOC online at:

 *Scan me with your camera!* 

<p style="text-align:center;">PublicPortal.EEOC.gov</p>

**This is an official notice and must remain posted for two (2) years from the date of posting and may not be altered, defaced or covered by any other material.**

**Date Posted: _____**

# ATTACHMENT B

**[Company Letterhead]**

To Whom It May Concern:

Tegra Medical is a manufacturer of complex medical devices headquartered in Franklin, Massachusetts.  We hired Zahira Custodio on June 27, 2017 as a Grit Blast Operator.  She later held roles as a Cleaning Operator and EZ Grind Operator, operating metal grinding machines.

Ms. Custodio exceed expectations in all of these roles.  She was a strong performer and was a safe and diligent operator.  We wish Ms. Custodio the best in her future endeavors.

Sincerely,

**[Name]**

# ATTACHMENT C

**[Company Letterhead]**

To Whom It May Concern:

Tegra Medical is a manufacturer of complex medical devices headquartered in Franklin, Massachusetts.  We employed Tania Vargas from July 2018 until her resignation in January 2019.  During her employment Ms. Vargas held roles as an EZ Grind Operator and Secondary Operator.

Ms. Vargas excelled in her roles with Tegra.  She was a strong performer and was a safe and diligent operator.  We wish Ms. Vargas the best in her future endeavors.


Sincerely,


**[Name]**